IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| J.R. Carlson Laboratories, Inc., d/b/a | ) | |
| Carlson Laboratories, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| 6S, Inc., d/b/a All Star Health, | ) | Jury Demanded |
| Defendant. | ) | |

## Complaint

Plaintiff J.R. Carlson Laboratories, Inc., d/b/a Carlson Laboratories ("Carlson") complains against 6S, Inc., d/b/a All Star Health ("All Star Health") for preliminary injunction, permanent injunction, and further relief.

### Introduction.

1.    This action stems from Defendant's unauthorized online sales of Plaintiff's products in violation of state and federal laws that prohibit copyright and trademark infringement, unfair competition, and false advertising. Defendant has illegally used Carlson's copyrighted materials in advertising artificially low prices of Plaintiff's products and illegally dumping the products to dampen prices. This misconduct has damaged Carlson's brand and reputation and created market confusion for customers.

2.    Defendant knowingly misrepresents Carlson products as covered under warranty when in fact they are not.

3.    By improperly reselling Carlson's products, All Star Health is engaging in market confusion, unfair competition, and false advertising.

4.    As a result of Defendant's conduct, Plaintiff has suffered and will continue to suffer irreparable harm to its goodwill and reputation in the eyes of its customers and authorized resellers. There is no adequate remedy at law for this harm.

5.      Despite Plaintiff's repeated attempts, Defendant refuses to cease and desist from this conduct.

6.      Therefore, Plaintiff assets claims under the Lanham Act, the Copyright Laws, the Illinois Deceptive Trade Practices Act, and the common law.

**Parties.**

7.      Plaintiff is an Illinois corporation that produces pure, quality, award-winning vitamins, minerals, fish oils, and other nutritional supplements for sale internationally. Its principal place of business is in Arlington Heights, Illinois.

8.      On information and belief, Defendant is a California corporation with its principal place of business in Huntington Beach, California. Defendant sells online products manufactured by third parties, distributes them throughout the United States. Defendant conducts business in this judicial district, markets, advertises, and sells Carlson's trademarked products without authorization to consumers within this judicial district through the stream of commerce. Defendant solicits personal trainers and web site operators throughout the United States to join its affiliate program and earn commissions on sales.

**Jurisdiction and Venue.**

9.      The court may exercise jurisdiction over these claims because they arise under the trademark and copyright laws of the United States. 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338. The court may exercise supplemental jurisdiction over the Illinois state law claims, because they stem from the same nucleus of operative facts and form part of the same controversy. 15 U.S.C. § 1367.

10.     This court may exercise personal jurisdiction over Defendant because Defendant directly targets its business activities to Illinois consumers through its fully interactive website. Illinois consumers can and do purchase using Defendant's website.

11.     Venue is proper in the Northern District of Illinois because the injuries complained of arose in this District. 28 U.S.C. § 1391(b)(1)-(2).

12.     Plaintiff demands a trial by jury on all claims. Fed. R. Civ. Pro. 38.

**Facts Common to All Claims.**

13.     Carlson had been well established since 1965. Since that time, Carlson has produced pure, quality, award-winning vitamins, minerals, fish oils, and other nutritional supplements. Carlson customers rely on the integrity of the Carlson brand.

14.     Carlson has about 50 trademarks registered with the U.S. Patent & Trademark Office's Principal Register. Carlson continuously uses its marks in U.S. interstate commerce to distinguish its products from competitors, and prominently uses them in advertising and promotional materials.

15.     Carlson has spent hundreds of thousands of dollars and expended significant resources to create brand loyalty and goodwill among its customers and authorized resellers.

16.     Carlson carefully monitors the integrity of its products and covers every authorized sale with a Quality Assurance warranty.

17.     Customers in the United States assume that all Carlson products sold are covered by a warranty and are genuine products.

18.     To maintain the high quality of Carlson products and the integrity of its customer service, Carlson limits distribution to authorized sellers to whom it sells exclusively and directly.

19.     Carlson uses professional, high quality photographs to market its products and has invested significant resources into its copyrighted images.

20.     Carlson's warranty, marketing, and customer service are integral to the Carlson brand, and consumers have come to expect and enjoy these factors when using Carlson products.

21.     Carlson enters into authorized online reseller agreements with approved third-party sellers to sell its products.

22.     Carlson resellers are required to comply with the Carlson Minimum Advertised Price Policy (the "MAP Policy"), the Carlson Authorized Reseller Policy (the "Reseller Policy"), and refrain from diverting products online.

23.     Carlson cannot warrant the products sold by unauthorized sellers because it cannot control their quality.

24.     All Star Health has been selling and marketing over 80 Carlson products online without having entered into an authorized online reseller agreement with Carlson.

25.     Carlson has not authorized the sale of its trademarked goods to All Star Health.

26.     Carlson has not authorized All Star Health to use its copyrighted images.

27.     On information and belief, All Star Health is buying trademarked Carlson products abroad and importing them on the "gray market" for resale in the United States.

28.     Without Carlson's permission, All Star Health is using Carlson's registered marks, copyrighted images, and marketing materials to sell and market Carlson's products throughout the United States, including in the State of Illinois.

29.     All Star Health's infringement of Carlson's copyrighted images gives consumers the false impression that All Star Health sells authentic, warranted, and authorized Carlson products.

30.     Because All Star Health's sales of Carlson products are not covered by warranty, All Star Health is able to price the products well below that of authorized Carlson resellers.

31.     All Star Health has repeatedly engaged in dumping Carlson products, which depresses the prices.

32.     Amazon.com trawls other online sales websites looking for the lowest prices on products that are sold on its website. Its general pricing policy requires sellers on Amazon.com to meet the artificially low prices of any other online sales platform, even those of unauthorized resellers.

33.     On information and belief, Amazon.com, a major source of sales of Carlson products, is holding Carlson to the unsustainable prices offered by All Star Health.

34.     All Star Health is infringing upon Carlson's legal rights and damaging its business by charging substantially lower prices.

35.     Illinois consumers have been confused by All Star Health into believing the Carlson products marketed on the All Star Health website were authentic, authorized, and covered by warranty.

36.     Carlson's website declares that All Star Health is not an authorized reseller, and thus, the Carlson's warranty is ineffective.

37.     By selling Carlson products that are not under warranty, All Star Health has created a strong likelihood of confusion among Carlson customers. This confusion has an adverse economic impact on Carlson and consumers throughout the United States, including Illinois, who have purchased unwarranted Carlson products.

38. Carlson sent Fernando Scalini, the chief operating officer of All Star Health, a cease-and-desist letter on August 6, 2019 demanding that All Star Health cease its misappropriation of Carlson's trademarks.

39. All Star Health did not respond to the letter and has continued to sell and market Carlson products throughout the United States, including the State of Illinois.

40. All Star Health has capitalized on Carlson's reputation and goodwill to deceive customers, which is causing irreparable injury to Carlson and United States consumers.

41. All Star Health's actions have threatened Carlson's relationships with authorized resellers and negatively affected interstate commerce because its products are sold throughout the United States.

42. Unless enjoined by this Court, All Star Health will continue its unlawful conduct and continue to cause Carlson irreparable harm. Without injunctive relief, Carlson does not have an adequate remedy to redress its injuries caused by All Star Health's wrongful conduct.

### Count I: Federal Unfair Competition and False Advertising
### Violation of Section 43(a) of the Lanham Act.

43. Plaintiff realleges and incorporates the preceding paragraphs.

44. All Star Health is knowingly marketing and selling unauthorized and unwarranted Carlson products through its online store to consumers throughout the United States using Carlson's registered marks. By this conduct, All Star Health is falsely representing that the products are warranted, authentic, and authorized.

45. All Star Health's knowing, unauthorized sales of Carlson products constitute a false designation of origin, and false description and representation, which violates Section 43(a) of the Lanham Act. 15 U.S.C. § 1125(a).

46.    All Star Health intends to deceive consumers as to the nature, origin, characteristics, and quality of Carlson's products. These factors are integral to consumers' purchasing decisions.

47.    All Star Health is creating a substantial likelihood of confusion in consumers by falsely representing that All Star Health is an authorized seller of Carlson's products and those products are covered by warranty.

48.    The Carlson products All Star Health sells are materially different from legitimate Carlson products sold by authorized sellers because All Star Health's Carlson products are unwarranted and inauthentic.

49.    All Star Health is unfairly competing with Carlson and its authorized resellers.

50.    Carlson has suffered and will continue to suffer irreparable harm to its goodwill and reputation from both consumers and authorized resellers throughout the United States.

51.    This harm will negatively impact interstate commerce because Carlson products are sold throughout the United States.

52.    Carlson has no adequate remedy at law for this immediate and continuing harm.

Wherefore, Carlson prays for entry of a judgment in its favor and against All Star Health as follows:

   a.   A preliminary and then permanent injunction restraining and enjoining All Star Health and its agents, successors, and assigns from advertising, marketing, purchasing or selling products manufactured by Carlson;

   b.   An order requiring All Star Health and its agents, successors, and assigns to deliver to Carlson all Carlson products that are in All Star Health's possession, custody, or control, under 15 U.S.C. §§ 1116 and 1118;

7

c.  An order requiring All Star Health to file a sworn report with this Court within 30 days of the entrance of the injunction detailing its efforts to comply with the above, pursuant to 15 U.S.C. § 1116;

d.  An award to Carlson of all profits received by All Star Health from the sales and revenues of any kind made because of All Star Health's sales of Carlson products;

e.  Damages in an amount to be determined at trial;

f.  Attorney's fees and the costs of this litigation;

g.  All other relief that this Court deems just and proper.

**Count II – Trademark Infringement**
**Violation of Section 32 of the Lanham Act.**

53.  Plaintiff realleges and incorporates the preceding paragraphs.

54.  Defendant's unauthorized and willful use of Carlson's registered marks constitutes willful and deliberate use in commerce of counterfeit reproductions, copies and colorable imitations of Carlson's federally registered marks in a manner likely to cause confusion among consumers.

55.  Defendant's use of the registered marks is willful trademark counterfeiting and infringement in violation of Section 32(a) of the Lanham Act. 15 U.S.C. § 1114(a).

56.  Carlson has suffered and will continue to suffer irreparable harm to its goodwill and reputation from both consumers and authorized resellers throughout the United States.

57.  This harm will negatively impact interstate commerce because Carlson products are sold throughout the United States.

58.  Carlson has no adequate remedy at law for this immediate and continuing harm.

Wherefore, Carlson prays for entry of a judgment in its favor and against All Star Health as follows:

a. A preliminary and then permanent injunction restraining and enjoining All Star Health and its agents, successors, and assigns from advertising, marketing, purchasing or selling products manufactured by Carlson;

b. An order requiring All Star Health and its agents, successors, and assigns to deliver to Carlson all Carlson products that are in All Star Health's possession, custody, or control, under 15 U.S.C. §§ 1116 and 1118;

c. An order requiring All Star Health to file a sworn report with this Court within 30 days of the entrance of the injunction detailing its efforts to comply with the above, pursuant to 15 U.S.C. § 1116;

d. An award to Carlson of all profits received by All Star Health from the sales and revenues of any kind made because of All Star Health's sales of Carlson products;

e. Damages in an amount to be determined at trial;

f. Attorney's fees and the costs of this litigation;

g. All other relief that this Court deems just and proper.

### Count III – Common Law Trademark Infringement.

59. Plaintiff realleges and incorporates the preceding paragraphs.

60. All Star Health's unauthorized marketing and sales of unwarranted Carlson products in Illinois and throughout the United States constitutes common law trade name and trademark infringement.

61. The Carlson products All Star Health sells are materially different from legitimate Carlson products sold by authorized sellers, because All Star Health's Carlson products are unwarranted.

62. All Star Health is creating a substantial likelihood of confusion in consumers by falsely representing that All Star Health is an authorized seller of Carlson's products and those products are covered by warranty.

63. Carlson has suffered and will continue to suffer irreparable harm to its goodwill and reputation from both consumers and authorized resellers throughout the United States.

64. This harm will negatively impact interstate commerce because Carlson products are sold throughout the United States.

65. Carlson has no adequate remedy at law for this immediate and continuing harm.

Wherefore, Carlson prays for entry of a judgment in its favor and against All Star Health as follows:

      a. A preliminary and then permanent injunction restraining and enjoining All Star Health and its agents, successors, and assigns from advertising, marketing, purchasing, or selling products manufactured by Carlson;

      b. An order requiring All Star Health and its agents, successors, and assigns to deliver to Carlson all Carlson products that are in All Star Health's possession, custody, or control, under 15 U.S.C. §§ 1116 and 1118;

      c. An order requiring All Star Health to file a sworn report with this Court within 30 days of the entrance of the injunction detailing its efforts to comply with the above, pursuant to 15 U.S.C. § 1116;

d. An award to Carlson of all profits received by All Star Health from the sales and revenues of any kind made because of All Star Health's sales of Carlson products;

e. Damages in an amount to be determined at trial;

f. Attorney's fees and the costs of this litigation;

g. All other relief that this Court deems just and proper.

### Count IV – Federal Trademark Dilution
### Violation of the Lanham Act, 15 U.S.C. § 1125(c).

66. Plaintiff realleges and incorporates the preceding paragraphs.

67. All Star Health's unauthorized marketing and sales of unwarranted Carlson products throughout the United States dilute the Carlson trade name and trademark.

68. The Carlson trade name and mark are "famous" within the meaning of 15 U.S.C. 1125(c).

69. Carlson sells its products with a comprehensive warranty, which does not apply to All Star Health's sales of Carlson products, making them materially different.

70. All Star Health has knowingly and willfully sold unauthorized and unwarranted Carlson products to unsuspecting customers, which has injured Carlson's reputation and diluted the distinctive quality of Carlson's trade name and mark.

71. All Star Health is creating a substantial likelihood of confusion in consumers by falsely representing that All Star Health is an authorized seller of Carlson's products and those products are covered by warranty.

72. Carlson has suffered and will continue to suffer irreparable harm to its reputation and dilution of the distinctive qualify of its trade name and mark with both its consumers and authorized resellers throughout the United States.

11

73.     Carlson has no adequate remedy at law for this immediate and continuing harm. This harm negatively impacts interstate commerce.

Wherefore, Carlson prays for entry of a judgment in its favor and against All Star Health as follows:

a.  A preliminary and then permanent injunction restraining and enjoining All Star Health and its agents, successors, and assigns from advertising, marketing, purchasing, or selling products manufactured by Carlson;

b.  An order requiring All Star Health and its agents, successors, and assigns to deliver to Carlson all Carlson products that are in All Star Health's possession, custody, or control, under 15 U.S.C. §§ 1116 and 1118;

c.  An order requiring All Star Health to file a sworn report with this Court within 30 days of the entrance of the injunction detailing its efforts to comply with the above, pursuant to 15 U.S.C. § 1116;

d.  An award to Carlson of all profits received by All Star Health from the sales and revenues of any kind made because of All Star Health's sales of Carlson products;

e.  Damages in an amount to be determined at trial;

f.  Attorney's fees and the costs of this litigation;

g.  All other relief that this Court deems just and proper.

### Count V – Illinois Trademark Dilution
### Violation of the Illinois Trademark Registration and Protection Act
### 765 ILCS 1036/65.

74.     Plaintiff realleges and incorporates the preceding paragraphs.

75.     All Star Health's unauthorized marketing and sales of unwarranted Carlson products throughout the State of Illinois constitutes dilution of the Carlson trade name and trademark.

76.     The Carlson trade name and mark are "famous" within the meaning the Illinois Trademark Registration and Protection Act. 765 ILCS 1036/65.

77.     Carlson sells its products with a comprehensive warranty, which does not apply to All Star Health's sales of Carlson products, making them materially different.

78.     All Star Health has knowingly and willfully sold unauthorized and unwarranted Carlson products to unsuspecting customers, which has injured Carlson's reputation and diluted the distinctive quality of Carlson's trade name and trademark.

79.     All Star Health is creating a substantial likelihood of confusion in consumers by falsely representing that All Star Health is an authorized seller of Carlson's products and those products are covered by warranty.

80.     Carlson has suffered and will continue to suffer irreparable harm to its reputation and dilution of the distinctive qualify of its trade name and mark with both its consumers and authorized resellers throughout the United States.

81.     Carlson has no adequate remedy at law for this immediate and continuing harm. This harm negatively impacts interstate commerce.

Wherefore, Carlson prays for entry of a judgment in its favor and against All Star Health as follows:

    a.  A preliminary and then permanent injunction restraining and enjoining All Star Health and its agents, successors, and assigns from advertising, marketing, purchasing, or selling products manufactured by Carlson;

13

    b.   An award to Carlson of all profits received by All Star Health from the sales and revenues of any kind made because of All Star Health's sales of Carlson products;

    c.   Damages in an amount to be determined at trial;

    d.   Attorney's fees and the costs of this litigation;

    e.   All other relief that this Court deems just and proper.

**Count VI – Violation of the Illinois Uniform Deceptive Trade Practices Act
815 ILCS 510/2.**

82.    Plaintiff realleges and incorporates the preceding paragraphs.

83.    All Star Health's unauthorized marketing and sales of unwarranted Carlson products throughout the State of Illinois constitutes a deceptive trade practice.

84.    Carlson sells its products with a comprehensive warranty, which does not apply to All Star Health's sales of Carlson products, making them materially different.

85.    All Star Health has knowingly and willfully sold unauthorized and unwarranted Carlson products to unsuspecting customers within the State of Illinois.

86.    All Star Health is creating a substantial likelihood of confusion in Illinois consumers by falsely representing that All Star Health is an authorized seller of Carlson's products and those products are covered by warranty.

87.    Carlson has suffered and will continue to suffer irreparable harm to its reputation and goodwill with both its consumers and authorized resellers throughout Illinois.

88.    Carlson has no adequate remedy at law for this immediate and continuing harm. This harm negatively impacts interstate commerce.

Wherefore, Carlson prays for entry of a judgment in its favor and against All Star Health as follows:

a. A preliminary and then permanent injunction restraining and enjoining All Star Health and its agents, successors, and assigns from advertising, marketing, purchasing, or selling products manufactured by Carlson;

b. An order requiring All Star Health and its agents, successors, and assigns to deliver to Carlson all Carlson products that are in All Star Health's possession, custody, or control;

c. An order requiring All Star Health to file a sworn report with this Court within 30 days of the entrance of the injunction detailing its efforts to comply with the above;

d. An award to Carlson of all profits received by All Star Health from the sales and revenues of any kind made because of All Star Health's sales of Carlson products;

e. Damages in an amount to be determined at trial;

f. Attorney's fees and the costs of this litigation;

g. All other relief that this Court deems just and proper.

**Count VII – Unjust Enrichment.**

89. Plaintiff realleges and incorporates the preceding paragraphs.

90. All Star Health's unauthorized marketing and sales of unwarranted Carlson products throughout the State of Illinois have enriched All Star Health at Carlson's expense.

91. All Star Health has knowingly and willfully sold unauthorized and unwarranted Carlson products to unsuspecting customers that they falsely represented as products covered by warranty. By doing so, All Star Health used Carlson's trade name and mark and accepted the benefits of the trade name and mark.

92.     It would be inequitable to allow All Star Health to retain the benefits and profits it reaped from its invidious abuse of Carlson's trade name and mark without payment to Carlson.

Wherefore, Carlson prays for entry of a judgment in its favor and against All Star Health as follows:

      a.  An award to Carlson of all profits received by All Star Health from the sales and revenues of any kind made because of All Star Health's sales of Carlson products;

      b.  Damages in an amount to be determined at trial;

      c.  Attorney's fees and the costs of this litigation;

      d.  All other relief that this Court deems just and proper.

### Count VIII – Copyright Infringement
### Violation of 17 U.S.C. §§ 106 and 501.

93.     Plaintiff realleges and incorporates the preceding paragraphs.

94.     Carlson is the author and exclusive owner of all rights, title, and interest to the copyrighted images used to market its products.

95.     The copyrighted images are original works of authorship entitled to the full protection of the Copyright Laws. 17 U.S.C. §§ 101 *et seq*.

96.     Every image that All Star Health has misappropriated on its website has been registered with the U.S. Copyright Office or has an application pending.

97.     All Star Health, without consent or authorization, has unlawfully reproduced, distributed, publicly displaced and/or prepared materials that are copies of the Carlson copyrighted images, or that are substantially similar to or derivative of those images.

98.     All Star Health's copying of the Carlson copyrighted images constitutes infringement within the meaning of the Copyright Laws, and violates the exclusive rights granted to Carlson.

99.     All Star Health knew of Carlson's copyright on the images and intentionally infringed on Carlson's copyrighted images for its commercial benefit. It has failed to compensate Carlson for its illegal acts.

100.     All Star Health has profited financially from its infringement to the detriment of Carlson, which has suffered financial damages and damages to its goodwill.

101.     As a direct and proximate result of All Star Health's intentional infringement, it has been unjustly enriched.

Wherefore, Carlson prays for entry of a judgment in its favor and against All Star Health as follows:

      a.  A preliminary and then permanent injunction restraining and enjoining All Star Health and its agents, successors, and assigns from advertising, marketing, purchasing or selling products manufactured by Carlson;

      b.  An order requiring All Star Health and its agents, successors, and assigns to deliver to Carlson all Carlson products that are in All Star Health's possession, custody, or control, under 15 U.S.C. §§ 1116 and 1118;

      c.  An order requiring All Star Health to file a sworn report with this Court within 30 days of the entrance of the injunction detailing its efforts to comply with the above, pursuant to 15 U.S.C. § 1116;

d.  An award to Carlson of all profits received by All Star Health from the sales and revenues of any kind made because of All Star Health's sales of Carlson products;

e.  Damages in an amount to be determined at trial;

f.  Attorney's fees and the costs of this litigation;

g.  All other relief that this Court deems just and proper.

Dated: February 22, 2021                     Respectfully submitted,

                                             CARLSON LABORATORIES

                                    By:  /s/       Kristen Prinz
                                         One of Plaintiff's Attorneys

The Prinz Law Firm
Kristen Prinz (kprinz@prinz-lawfirm.com)
One East Wacker Dr
Suite 2500
Chicago, Illinois 60601
Tel. (312) 212-4450
Fax (312) 284-4822
Firm ID: 46338

<u>**Service List**</u>

Javier Scalini
6S, Inc. d/b/a All Star Health
5252 Argosy Ave.
Huntington Beach, CA 92649